UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACK T. RICKS, ET AL.                                CIVIL ACTION

VERSUS

TRAVELERS INDEMNITY COMPANY                          NO.:12-519-BAJ-SCR
OF CONNECTICUT, ET AL.

## RULING AND ORDER

Before the Court is a Motion to Transfer, filed by Defendants Travelers Indemnity Company of Connecticut ("Travelers Indemnity") and Cablesouth Media III, LLC ("Media III") (collectively "Defendants") seeking an order from this Court to transfer Plaintiffs Jack T. Ricks's and Myra Ricks's (collectively "Plaintiffs") lawsuit to the Western District of Louisiana pursuant to 28 U.S.C. § 1404 . Plaintiff opposes the motion. (Doc. 13.) The Court has jurisdiction pursuant to 28 U.S.C. §1332.

I.  Background

Plaintiffs originally filed this suit against Defendants in the 19th Judicial District Court, Parish of East Baton Rouge alleging physical injury due to a motorcycle accident that occurred on May 16, 2012 in Jonesville, Louisiana.[1] (Doc. 8-1, at 1) Because Defendant Travelers Indemnity is a foreign insurance company and

---

[1] Jonesville, Louisiana, is in the Western District of Louisiana.

Louisiana law allows such companies to be sued in East Baton Rouge Parish, regardless of where the underlying accident occurred, venue was proper. (Doc. 8-1, p.2.) On August 23, 2012, Defendants removed the lawsuit to this Court based on 28 U.S.C. §1332, diversity of citizenship. (Doc. 1-2.)

On November 15, 2012, Defendants filed the instant motion in which they argue that it would be more convenient to try the case in the Western District of Louisiana. Specifically, Defendants contend that all fact witnesses and medical witnesses who may testify reside and work in the Alexandria Division of the Western District ("Alexandria Division"). (Doc.8-1, p.3.) Further, Defendants contend that most of the relevant documents are located in the Western District because that is where the accident occurred. (Doc. 8-1, p. 3.) Specifically, any of its records related to this particular accident are stored in its office in Mansura, Louisiana.[2] (Doc. 8-1, p. 3.) Additionally, the Plaintiffs received medical treatment in the Alexandria Division and therefore relevant medical records are located there. (Doc. 8-1, p. 3.) Additionally, Defendants point out that counsel for both parties primarily practice in the Alexandria Division, and Plaintiffs live and work in the Alexandria Division. (Doc. 8-1, p. 3.) Defendants also argue that any consideration of Plaintiffs' choice of venue is irrelevant because the case was removed from state to federal court. (Doc. 8-1, p. 3.) Thus, the transfer of venue to the Western District of Louisiana is warranted.

---

[2] Mansura, Louisiana, is in the Western District of Louisiana.

2

In opposition, Plaintiffs argue that Defendants fail to prove the Western District of Louisiana is a more convenient venue so the Court should honor their choice of forum. (Doc. 13.) Plaintiffs contend that the Court should only give significant weight to the location of the documents if their transportation is difficult and here the Defendants have not identified which documents would be difficult to transport. Thus, location of the documents should not receive significant weight. Additionally, Plaintiffs contend that Defendants fail to identify key witnesses, failed to identify the substance of witnesses' testimonies, and failed to provide reasons why travel to the Middle District for trial would be an inconvenience for any witnesses. Thus, the case should remain in the Middle District of Louisiana.

## II. Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a) (2012). It is the burden of moving party to show why the transferee venue is clearly more convenient. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008). Courts consider the following private and public factors in determining whether a transfer is warranted: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (5) the administrative difficulties flowing

3

from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). However, district courts have wide discretion in balancing these factors and "none ... can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004).

## III. Analysis

Defendants argue the Western District is a more convenient forum because the accident occurred there, all relevant documents are located there, and witnesses, counsel for parties, and Plaintiffs reside in the Western District. Thus, transfer is warranted. In opposition, Plaintiffs argue their choice of forum should be honored because the Defendants have not proved the Western District is any more convenient than the Middle District.

The first factor is relative ease of access to relevant sources of proof. Here, the accident occurred in the Western District and Plaintiffs received medical treatment there. Therefore, relevant police reports and medical records related to this case are located in the Western District. Further, any records that Defendant Media III possesses related to the underlying accident, including documents on the cable wire that allegedly caused the accident, are located in its office in the Western

4

District. Thus, parties have easier access to sources of proof if the case is transferred to the Western District and this factor favors transfer.

The second factor is availability of compulsory process to secure the attendance of witnesses. Here, the eyewitnesses, investigating police officers, medical witnesses, and employees of Defendant who would testify about the cable wire at issue live in the Western District. (Doc. 8.) The Western District can subpoena any person in its district. Fed.R.Civ.P. 45. Thus, this factor favors transfer.

The third factor is the cost of attendance for witnesses. Because most, if not all, witnesses reside in the Western District, the cost of travel will be less if the case is tried in Western District. This factor favors transfer, as well.

With the exception of having localized interest decided at home, the public factors do not favor either party. As mentioned above, the accident occurred in the Western District and most, if not all, of the witnesses and relevant documents are located in the Western District. Further, counsel for both parties primarily practice in the Western District and Plaintiffs reside there. There is no relevant factual connection to the Middle District. This factor weighs heavily in favor of transfer.

After consideration of all relevant factors, this Court finds that the factors weigh in favor of transfer. Therefore, the Defendants request that this case be transferred to the Western District of Louisiana is granted.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Jack T. Ricks' **Motion to Transfer (Doc. 8)** is **GRANTED**.

Baton Rouge, Louisiana, July 2, 2013

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

6

Case 3:12-cv-00519-BAJ-SCR   Document 25   07/02/13   Page 6 of 6